IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Carol Ray, | ) Civil Action No. 1:06-2946-HFF-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Bechtel Savannah River, Inc., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendant. | ) |
| | ) |

      Plaintiff, Carol Ray ("Ray"), is an employee of Bechtel Savannah Rivers, Inc. ("BSRI"). She filed her complaint on October 14, 2006, alleging Title VII claims for race and gender discrimination, age discrimination under the Age Discrimination in Employment Act ("ADEA"), and retaliation. Ray also alleged claims for violation of the South Carolina Human Affairs Act, intentional infliction of emotional distress, negligence, negligent hiring, and negligent supervision and training.

      On February 5, 2007, BSRI filed a motion to dismiss Ray's ADEA and retaliation claims for failure to include the allegation in her administrative charge and to dismiss her tort claims under the exclusivity provision of the South Carolina Workers' Compensation Act ("SCWCA"). Ray filed a motion to amend the complaint on February 5, 2007, seeking to add a § 1981 claim and to delete her ADEA claim. A second motion to amend was filed on March 29, 2007, reiterating the proposed § 1981 claim and seeking to allege claims for assault and battery because Ray "was recently attacked by co-workers at work." (Pl. Mem., p. 1). Ray did not seek to add new defendants, nor did she identify the co-workers. BSRI filed opposition memoranda.

A hearing was held on May 3, 2007. BSRI consented to the amendment of the complaint to effectively dismiss the ADEA claim with the agreement that Ray would delete all references to age discrimination from her amended complaint and to recast her retaliation claims for conduct which occurred after March 8, 2006, the date it received notice of Ray's administrative charge. Ray agreed to withdraw the motion to amend to add claims of assault and battery. Her § 1981 claim remains viable.

BSRI has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Ray's pendant tort claims for intentional infliction of emotional distress, negligence, negligent hiring, and negligent supervision and training because, under South Carolina law, they may only be pursued under the SCWCA. Ray appears to argue that these claims may fall under exceptions to the act.

A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957). Sufficiency of the pleading is a procedural matter governed by federal law. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996). Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Under the SCWCA, an employee's claims against an employer for personal injury by negligence or as the result of an intentional tort are barred by the exclusive remedy provided under the SCWCA. S.C.Code Ann. § 42-1-540;[1] Dickert v. Metropolitan Life Ins. Co., 306 S.C. 311, 411

---

[1]This section provides, in part:
> The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this Title, respectfully, to pay and accept compensation on account of personal injury or death by accident, shall
> (continued...)

S.E.2d 672 (S.C.App.1991), aff'd in part and rev'd on other grounds in part, 311 S.C. 218, 428 S.E.2d 700 (S.C.1993); Taylor v. Cummings Atlantic, Inc., 852 F.Supp. 1279 (D.S.C.1994), aff'd, 1995 WL 88957, 48 F.3d 1217 (4th Cir. March 6, 1995)[Table], cert. denied, 516 U.S. 864, 116 S.Ct. 176, 133 L.Ed.2d 116 (1995) (SCWCA provided former employee with exclusive remedy against employer for claim of intentional infliction of emotional distress); Peay v. U.S. Silicia Co., 313 S.C. 91, 437 S.E.2d 64 (S.C.1993) ("only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of the workers' compensation coverage."). The Supreme Court of South Carolina recently reiterated that the only exceptions to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. Cason v. Duke Energy Corp., 348 S.C. 544, 560 S.E.2d 891, 893 (S.C.2002).

Clearly, Ray's negligence claims do not fall under any of the exceptions of the act. Her claim for intentional infliction of emotional distress could within the second exception. The complaint states no facts which identify any act as intentionally inflicted upon Ray, nor does the complaint identify an alter ego of BSRI who committed any such act. Ray's argument is essentially that race discrimination is prevalent at BSRI and that discovery may produce some evidence to support her claim. The undersigned finds Ray's arguments to be without merit. If BSRI or its alter

---

[1](...continued)
    exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin as against his employer, at such inquiry, loss of service or death. S.C. Code Ann. § 42-1-540.

ego subjected Ray to outrageous conduct to the extent to support her claim, she would certainly be aware of it at this time.

It is, therefore, recommended that BSRI's motion to dismiss Ray's tort claims be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 11, 2007
Columbia, South Carolina

4